UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RODNEY BELLARD,             CIVIL ACTION
        Plaintiff                  SECTION "P"
                                      NO. 14-CV-00531

VERSUS

WARDEN LANCE MOORE, et al.,     JUDGE JAMES T. TRIMBLE, JR.
        Defendants            MAGISTRATE JUDGE JAMES D. KIRK


## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint, with supplemental state law claims, filed pursuant to 42 U.S.C. § 1983 by plaintiff Rodney Bellard ("Bellard") on March 11, 2014 (Doc. 1). The named defendants are Lance Moore ("Moore") (warden of the Concordia Parish Correctional Facility in Ferriday, Louisiana) sued in his official capacity, Kenneth Hedrick ("Hedrick") (Sheriff of Concordia Parish) sued in his official capacity, the Concordia Parish Sheriff's Department, the Concordia Parish Correctional Facility, and John Doe (a Concordia Parish Sheriff's deputy) (Doc. 1). Bellard contends that defendants were deliberately indifferent to and negligent with regard to Bellard's safety by exposing him to a substantial risk of harm. Bellard also alleges that defendants failed to properly train and supervise employees. For relief, Bellard asks for monetary damages, legal interest, costs, and attorney fees (Doc. 1).

Bellard contends that, on about July 7, 2011, he was incarcerated by the Concordia Parish Sheriff to serve a four year sentence, and began participating in a Work Release Program under the control and supervision of corrections officers employed by the Concordia Parish Sheriff (Doc. 1).  Bellard contends that, while he was working in the kitchen of the work release facility, a large pot of boiling grease caught on fire and was extinguished with a fire extinguisher by Deputy John Doe (Doc. 1).  Bellard contends that Deputy John Doe then ordered Bellard to remove the pot of boiling grease from the kitchen and take it outside (Doc. 1). Bellard contends that, while he was carrying the pot of grease, the pot exploded or the grease otherwise boiled over, causing extensive and severe second and third degree burns to Bellard's face, arms, neck and upper body, resulting in permanent scarring (Doc. 1).

Defendants filed a motion for summary judgment (Doc. 7),[1] to which Bellard responded (Docs. 9, 16), and defendants replied (Docs. 12, 19).

Defendants' motion for summary judgment is now before the court for diposition.

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

---

[1] Defendants originally filed a motion to dismiss which was converted to one for summary judgment by the court (Doc. 15).

"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material."  A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff.  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.   In this analysis, we review the facts and draw all inferences most favorable to the nonmovant.  Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).   However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Concordia Parish Sheriff's Department

Bellard named the Concordia Parish Sheriff's Department as a defendant in this action.   Sheriff's Departments are not legal entities capable of being sued.  The State of Louisiana grants no such legal status to any Parish Sheriff's Office.   Thus, the Concordia Parish Sheriff's Department is not a "person" capable of being sued.  Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D.La. 1988); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236, 238 (La. App. 3d Cir.), writ den., 352 So. 2d 235 (La. 1977).   Also, Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd in part on other grounds, 637 So.2d 395 (La. 1994); Ferguson v. Stephens, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's

4

<u>Dept.</u>, 511 So.2d 8 n.1 (La. App. 3d Cir. 1987).

Therefore, Bellard's Section 1983 action and supplemental state law claims against the Concordia Parish Sheriff's Department should be dismissed with prejudice. Bellard concurs in that dismissal (Doc. 9).

<u>Concordia Parish Correctional Facility</u>

Bellard also named the Concordia Parish Correctional Facility as a defendant in this action.

A parish jail is not an entity, but a building. <u>Roy v. Orleans Parish Sheriff's Office</u>, 2009 wl 4730697 (E.D.La. 2009), citing <u>Jones v. St. Tammany Parish Jail</u>, 4 F.Supp.2d 606, 613 (E.D.La. 1998). A prison or jail or its administrative departments are not legal entities capable of being sued under Section 1983 because they are not juridical entities under Louisiana state law capable of being sued and because they are not "persons" for purposes of suit under Section 1983. <u>Fair v. Crochet</u>, 2010 WL 430806, *12 (E.D.La. 2010). Also, <u>Guidry v. Jefferson Cty. Detention Center</u>, 868 F.Supp. 189, 191 (E.D.Tex. 1994).

Therefore, Bellard's Section 1983 action and supplemental state law claims against the Concordia Parish Correctional Facility should be dismissed with prejudice. Bellard concurs in that dismissal (Doc. 9).

<u>Prescription</u>

Defendants also contend that all of Bellard's claims have

prescribed.

Section 1983 actions and state law tort claims in Louisiana are governed by a one year prescriptive period.  La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994).  Federal law determines when the cause of action accrues, and it provides that it does so the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint.  Helton v. Clements, 832 F.2d 332, 334-35 (5th Cir.1987).  Thus, the one year prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986) or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865.  Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Under the facts presented by Bellard in his complaint, any cause of action he may have had culminated on July 7, 2011. Therefore, any cause of action Bellard may have had prescribed after July 7, 2012, and this suit was filed twenty months after that date, on March 11, 2014.

Bellard contends that he filed a Request for Administrative Remedy on August 2, 2011, but that the Sheriff of Concordia Parish failed to respond to it for years (Doc. 9), so he was forced to

6

file a petition for alternative writ of mandamus in the Louisiana 7th Judicial District Court; as a result, on February 11, 2014, Sheriff Hedrick responded to Bellard's ARP (Doc. 9).   Bellard argues that, because Sheriff Hedrick failed to respond to his ARP, Bellard was legally unable to file his action timely and, therefore, his claim is not prescribed (Doc. 9).

The exhaustion requirement imposed by amended § 1997e is not jurisdictional, Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006), but it is mandatory, Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).   Section 1997e's exhaustion requirement is satisfied only if the prisoner pursues the grievance remedy to conclusion. Wilson v. Epps, __F.3d__, 2015 WL 127378, *3 (5th Cir. 2015), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.2001).   This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process.   Instead, the prison's failure to timely respond simply entitles the prisoner to move onto the next step in the process.   Wilson, 2015 WL 127378, *3.   Available administrative remedies are exhausted in compliance with the PLRA when the time limits for the prison's response set forth in the prison grievance procedures have expired.[2]   Gates v.

---

[2] Rule G(4) of the Louisiana Adult Administrative Remedy Procedures (La. Admin. Code 22:I.325(G)(6)) states:,
    4. Deadlines and Time Limits
    a. No more than 90 days from the initiation to completion of the process shall elapse, unless an

<u>Cook</u>, 376 F.3d 323, 332 (5th Cir. 2004), citing <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir.1998).

Although it is unknown whether the Concordia Parish Sheriff uses the Louisiana Adult Administrative Remedy Procedures set forth in La. Admin. Code 22:I.325(G)(6), or whether he has set up his own administrative remedy procedures, Louisiana law provides inmates with the right to proceed as if they have exhausted the prison grievance procedures when the time limits for responding to the grievance have passed.  When Sheriff Hedrick failed to timely respond to Bellard's grievance, Bellard should have proceeded to the next step of the procedure; Sheriff Hedrick did not prevent Bellard from doing so.  Therefore, Sheriff Hedrick's failure to timely comply with the administrative remedy procedures does not excuse Bellard's failure to file his law suit within the one year time limit.

Defendants' motion for summary judgment should be granted on the basis that all of Bellard's Section 1983 and supplemental state law claims have prescribed.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be GRANTED and that

---

extension has been granted. Absent such an extension, expiration of response time limits shall entitle the inmate to move on to the next step in the process. Time limits begin on the date the request is assigned to a staff member for the first step response.

Bellard's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of January 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE